SCHUBERT JONCKHEER & KOLBE LLP
ROBERT C. SCHUBERT (62684)
WILLEM F. JONCKHEER (178748)
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Email: rschubert@sjk.law
Email: wjonckheer@sjk.law

ANDERSON & WANCA
RYAN M. KELLY *(pro hac vice)*
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Email: rkelly@andersonwanca.com

WINSTON & STRAWN LLP
SEAN D. MEENAN (260466)
DANA L. COOK-MILLIGAN (301340)
101 California Street, 34th Floor
San Francisco, CA 94111-5840
Email: smeenan@winston.com
Email: dlcook@winston.com

WINSTON & STRAWN LLP
STEPHEN V. D'AMORE *(pro hac vice)*
SEAN G. WIEBER *(pro hac vice)*
35 W. Wacker Drive
Chicago, IL 60601-9703
Email: sdamore@winston.com
Email: swieber@winston.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDUSKY WELLNESS CENTER, LLC, an Ohio limited liability company, individually and as the representative of a class of similarly-situated persons,<br><br>        Plaintiff,<br>   v.<br><br>ALERE HOME MONITORING, INC.,<br><br>        Defendant. | Case No. 3:18-cv-04869-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   December 13, 2018<br>Time:   8:00 a.m.<br>Courtroom: 12 – 19th Floor<br><br>Dist. Judge: Hon. William H. Alsup<br><br>Complaint Filed:  August 10, 2018<br><br>Trial Date: Not Set |

Plaintiff SANDUSKY WELLNESS CENTER, LLC ("Plaintiff") and Defendant ALERE HOME MONITORING, INC. ("Defendant") submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, effective January 17, 2017, and Civil Local Rule 16-9.

## I. JURISDICTION AND SERVICE

### A. Plaintiff's Statement

Subject matter jurisdiction is appropriate pursuant to 28 U.S.C. § 1331 and *Mims v. Arrow Fins. Serv., LLC*, 132 S. Ct. 740, 751-53 (2012), as this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").[1]  In addition, venue is proper in this District pursuant to 28 U.S.C. § 1391 in that Defendant, Alere Home Monitoring, Inc., has its principal place of business in this District, and a substantial part of the alleged events giving rise to the claim occurred in this District.  No issues exist regarding personal jurisdiction or venue.

All parties to this action have been served and appeared.

### B. Defendant's Statement

Defendant does not dispute the appropriateness of subject matter jurisdiction. Additionally, no remaining issues exist regarding personal jurisdiction, in light of Plaintiff's voluntary dismissal of Abbott Laboratories and Alere Inc. on November 6, 2018 (Doc. 40).  Pursuant to Defendant Alere Home Monitoring, Inc.'s Motion to Dismiss, Stay or Transfer (Doc. 35), venue is proper in the Eastern District of Arkansas if the Court does not grant dismissal.

## II. FACTS

---

[1] In 2005, Congress enacted the Junk Fax Prevention Act, which amends the fax advertising provisions of the TCPA.  *See In re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 & the Junk Fax Prevention Act of 2005*, CG Docket No. 02-278; CG Docket No. 05-338 FCC Release 06-42, 21 FCC Rcd 3787, 2006 FCC LEXIS 1713; 38 Comm. Reg. (P & F) 167 (April 6, 2006).

Plaintiff alleges that Defendant violated the TCPA by sending Plaintiff and other members of the putative class an unsolicited facsimile advertisement on or about August 9, 2016 and April 25, 2017.

### III. LEGAL ISSUES

#### A. Plaintiff's Statement

1. The TCPA prohibits, among many other practices, the use of "any telephone facsimile machine, computer, or other devise to send, to a telephone facsimile machine, an unsolicited advertisement" 47 U.S.C. § 227(b)(1)(C). An "unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

2. The TCPA creates a private right of action against a sender of an unsolicited advertisement and provides that, for each violation, a person is entitled to $500 or actual damages, whichever is greater, as well as treble damages if a court finds the violation to be willful of knowing. 47 U.S.C. § 227(b)(3).

#### B. Defendant's Statement

Defendant plans to prove that it is not liable to Plaintiff under the TCPA because the facsimile(s) at issue are not advertisements. Further, Defendant had an established business relationship with Plaintiff before sending the facsimile(s) at issue, Defendant voluntarily communicated its fax number to Plaintiff within the context of the established business relationship, and the April 25, 2017, facsimile included an opt-out notice that complied with the TCPA and FCC regulations. In addition, Defendant plans to prove that the facsimile(s) at issue were sent with Plaintiff's prior express invitation or permission. Furthermore, Defendant plans to establish that class treatment is not appropriate, in that Plaintiff cannot overcome its significant hurdles to

certify a class under Fed. R. Civ. P. 23, including a lack of numerosity, commonality, adequacy, typicality, predominance, and superiority.  Finally, Defendant plans to prove that Plaintiff is not entitled to damages because it has no viable claim and because Plaintiff sustained no actual damages in any event.[2]

### IV.   MOTIONS

#### A.   Plaintiff's Statement

Plaintiff will bring a Rule 23 motion and anticipates bringing a Rule 56 motion after the court rules on its Rule 23 motion.

#### B.   Defendant's Statement

Currently pending is Defendant's Motion to Dismiss, Stay or Transfer (Doc. 35) which is fully briefed and scheduled for hearing before this Court on December 13, 2018.  If Plaintiff's complaint is not dismissed, or the case is not stayed or transferred, then Defendant will oppose any Rule 23 motion and anticipates bringing a Rule 56 motion after the Court rules on any Rule 23 motion.  In addition, in light of Plaintiff's service of discovery on December 3, 2018 (*see infra* Section VIII), Defendant respectfully requests an opportunity to address at the December 13, 2018 conference postponement of answering Plaintiff's discovery (apart from Rule 26 initial disclosures) pending resolution of its Motion to Dismiss, Stay or Transfer (Doc. 35).

### V.   AMENDMENT OF PLEADINGS

#### A.   Plaintiff's Statement

Plaintiff has no present intention of amending the pleadings or adding parties, but reserves the right to do so as discovery proceeds by January 28, 2019.

#### B.   Defendant's Statement

Defendant has not yet filed its answer or any counterclaims in this action, but reserves the right to do so after the Court's ruling on Defendant's Motion to Dismiss,

---

[2] Defendant has not answered and expressly reserves its right to answer and assert additional defenses after further assessment and review of discovery in the case.

Stay or Transfer (Doc. 35). Defendant further reserves its right to amend any answers following any amendments to Plaintiff's Complaint.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties have also met and conferred, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, on November 19, 2018, regarding the preservation of relevant evidence. All parties are complying in good faith with their obligations to preserve potentially relevant documents, including electronic evidence.

## VII. DISCLOSURES

Plaintiff served his Rule 26 Initial Disclosures on November 7, 2018.

Defendant served its Rule 26 Initial Disclosures on December 3, 2018.

The parties also stipulate that Fed. R. Civ. P. 37(c) sanctions will not be sought and should not be imposed if initial disclosures are supplemented in a timely fashion under Fed. R. Civ. P. 26(e).

## VIII. DISCOVERY

The parties do not anticipate any discovery disputes at this time. The parties met and conferred telephonically on November 19, 2018, regarding a discovery plan. Plaintiff served its written discovery requests on December 3, 2018. The parties discussed the ESI Guidelines and intend to enter into a stipulated e-discovery order should the Court deny Defendant's Motion to Dismiss, Stay or Transfer (Doc. 35), and after discovery has opened. The parties are not aware of any issues regarding privilege at this time and reserve their rights to seek modifications to limits on discovery.

The parties agree that the discovery limitations listed below apply to each side:

| Discovery Type | Restrictions |
|---|---|
| Depositions | 10 |
| Requests for Admissions | Per FRCP |

| Interrogatories | Per FRCP |
| --- | --- |
| Request for Production of Documents | Per FRCP |

## IX. CLASS ACTION

### A. Plaintiff's Statement

Plaintiff will move for class certification after discovery is completed. All attorneys of record for Plaintiffs certify that they have reviewed the Procedural Guidance for Class Action Settlements.

### B. Defendant's Statement

Defendant does not believe a class should be certified in this case and will oppose any motion for class certification filed. All attorneys of record for Defendant certify that they have reviewed the Procedural Guidance for Class Action Settlements.

## X. RELATED CASES

Defendant has advised the court of a previously filed case now pending in the Eastern District of Arkansas, *ARcare Inc. v. Alere Home Monitoring, Inc.*, Case No. 4:17-cv-147-KGB which was filed in Arkansas state court on February 3, 2017 and removed on March 13, 2017.

## XI. RELIEF

### A. Plaintiff's Statement

Plaintiff seeks statutory liquidated damages of $500.00 individually and on behalf of the class for each TCPA violation. Plaintiff may request the court treble the statutory damages if the court finds Defendant's conduct to be willful, knowing or intentional.

### B. Defendant's Statement

Defendant seeks that Plaintiff take nothing in this action. Further, Defendant requests the Court to deny any motion for class certification.

## XII. SETTLEMENT AND ADR

The parties complied with Civil L.R. 16-8(b) and ADR L.R. 3.5(b). The parties met and conferred, and agreed to discuss ADR options with the Court at the Initial Case Management Conference. In addition, the parties do not anticipate the necessity of any motions in order to engage in meaningful ADR.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties declined to proceed before a magistrate judge for all purposes.

## XIV. OTHER REFERENCES

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

## XV. NARROWING OF ISSUES

### A. Plaintiff's Statement

Plaintiff proposes that class discovery proceed first so that Plaintiff's Rule 23 motion can be determined as expeditiously as possible.

### B. Defendant's Statement

Defendant believes any formal scheduling delineation between class discovery versus simply having a separate fact and expert discovery period is unnecessary.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe this case is appropriate for an expedited schedule under General Order No. 64, Attachment A.

## XVII. SCHEDULING

The parties have agreed and propose the following schedule:

| Deadline | Proposed Date |
|---|---|
| Plaintiff's Request for Leave to Add Parties or Amend Pleadings | January 17, 2019 |
| Defendant's Request for Leave to Add Parties or Amend Pleadings | January 31, 2019 |
| Fact Discovery | August 30, 2019 |
| Expert Discovery | December 6, 2019 |

| | |
|---|---|
| Plaintiff's Disclosure of experts (and reports) | September 27, 2019 |
| Defendant's Disclosure of experts (and reports) | November 1, 2019 |
| Plaintiff's rebuttal reports | November 15, 2019 |
| Plaintiff's class certification motion | December 20, 2019 |
| Defendant's Opposition to Class Certification | January 31, 2020 |
| Plaintiff's Reply in Support of Class Certification | February 21, 2020 |
| Dispositive Motions, Including Motion for Summary Judgment | If class certification is denied or no Rule 23 motion is filed, all potentially dispositive motions, including motions for summary judgment, must be filed no later than twenty-eight (28) days after the court's denial of class certification.  If a motion for class certification is granted, dispositive motions, including motions for summary judgment, must be filed no later than 20 days after class notice is sent to the certified class. |
| Trial | July 13, 2020 |

## XVIII. TRIAL

### A. Plaintiff's Statement

The length of trial can be determined after the court rules on Plaintiff's Rule 23 motion.

### B. Defendant's Statement

Defendant is in agreement with Plaintiff on this point.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

A.     **Plaintiff's Statement**

Plaintiff has filed its Civil Local Rule 3-15 Certification. (Doc. 29).

Since this is a proposed class action, Plaintiff discloses the following person or entity that is funding the prosecution of any claim:  There are no third party funders of Plaintiff's claims.

B.     **Defendant's Statement**

Defendant has filed its Civil Local Rule 3-15 Certifications. (Docs. 17, 19).

## XX.  PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XXI.  OTHER MATTERS

The parties intend to file an ESI Order and a Protective Order that will govern the production of documents in this case.

Dated:    December 6, 2018          **SCHUBERT JONCKHEER & KOLBE LLP**

By:    /s/ Willem F. Jonckheer
ROBERT C. SCHUBERT
WILLEM F. JONCKHEER
*Attorneys for Plaintiff – Local Counsel*

Dated:  December 6, 2018            **ANDERSON & WANCA**

By:    /s/ Ryan M. Kelly
RYAN M. KELLY (*pro hac vice*)
*Attorneys for Plaintiff*

Dated:    December 6, 2018          **WINSTON & STRAWN LLP**

By:   /s/ Sean G. Wieber  (with permission)
STEVEN V. D'AMORE (*pro hac vice*)
SEAN G. WIEBER (*pro hac vice*)

| | | |
|---|---|---|
| Dated: | December 6, 2018 | By: /s/ Dana L. Cook-Milligan (with permission)<br>SEAN D. MEENAN<br>DANA L. COOK-MILLIGAN |

*Attorneys for Defendant*