IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANDUSKY WELLNESS CENTER, LLC,
an Ohio limited liability company,
individually and on behalf of others similarly
situated,

    Plaintiff,

  v.

ALERE HOME MONITORING, INC.,

    Defendant.

No. C 18-04869 WHA

**ORDER RE MOTION TO DISMISS, STAY, OR TRANSFER**

## INTRODUCTION

In this putative class action under the Telephone Consumer Protection Act, defendant moves to dismiss the complaint or alternatively to stay or transfer the action to the Eastern District of Arkansas. For the reasons herein, the motion to dismiss is **DENIED**. The motion to stay is **GRANTED**.

## STATEMENT

In February 2017, the recipient of fax solicitations sued defendant Alere Home Monitoring, Inc. ("AHM") in Arkansas state court. The plaintiff in that case, ARcare, Inc., sought to represent a nationwide class of other fax recipients. The *ARcare* action cited two representative fax solicitations — one received in June 2016 and another received in August 2016. AHM later removed the action to the Eastern District of Arkansas, where the district court

has stayed the action pending mediation and an anticipated class-wide settlement (Dkt. No. 35-1).

In August 2018, plaintiff Sandusky Wellness Center, LLC filed this action against AHM, also on behalf of a putative nationwide class of fax solicitation recipients. Plaintiff's complaint also cited two representative fax solicitations — the same August 2016 fax received by ARcare and a second fax received by plaintiff in April 2017. ALM now moves to dismiss, stay, or transfer this action to the Eastern District of Arkansas pursuant to the first-to-file rule (Dkt. Nos. 1, 35). This order follows full briefing and oral argument.[1]

**ANALYSIS**

When cases involving the same parties and issues have been filed in two different districts, a federal district court has discretion to dismiss, stay, or transfer a case to another district court. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). When deciding whether to do so, the court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. *Id*. at 1240. Because the *ARcare* action was filed over eighteen months before the instant case, both parties agree that the first factor of chronology is met. This order accordingly addresses only the second and third factors.

1. **SIMILARITY OF THE PARTIES.**

This factor is met. AHM is the sole defendant in both actions. Although the named plaintiffs are different, the putative nationwide class alleged in the *ARcare* action subsumes the putative class alleged here: persons who received fax solicitations from AHM in violation of the TCPA.

Noting that the undersigned judge has declined to certify a class of fax recipients where the named plaintiff had no proof that he had actually received the fax at issue, *see Etter v. Allstate Ins. Co.*, 323 F.R.D. 308, 311 (N.D. Cal. 2017), plaintiff argues that regardless of how the putative classes are currently defined, class membership may ultimately differ because the

---

[1] Plaintiff originally named Alere, Inc. and Abott Laboratories as additional defendants. After Alere and Abott filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim, plaintiff voluntarily dismissed those defendants from this action without prejudice. Alere and Abott's motion to dismiss for lack of personal jurisdiction and failure to state a claim is therefore **DENIED AS MOOT** (Dkt. Nos. 32, 40).

2

named plaintiffs did not receive the same series of faxes. This may be true, but the classes at issue need not be identical. The first-to-file rule requires "only substantial similarity of parties," not "exact identity of parties." *Kohn*, 787 F.3d at 1240. Courts in this district have therefore convincingly required only that the putative classes "represent at least some of the same individuals." *Pedro v. Millennium Prod., Inc.*, No. 15-cv-05253, 2016 WL 3029681, at *4 (N.D. Cal. May 27, 2016) (Judge Maxine Chesney) (collecting cases). This order so holds. Both plaintiff here and the plaintiff in *ARcare* seek to represent a nationwide class of fax recipients based, in part, on their receipt of the same August 2016 fax solicitation from AHM. The parties are substantially similar.

### 2. SIMILARITY OF THE ISSUES.

Both actions also involve substantially similar issues. To determine whether two suits involve substantially similar issues, our court of appeals looks at whether there is "substantial overlap" between the two suits. *Kohn*, 787 F.3d at 1241. Both actions assert a single claim under Section 227 of Title 47 of the United States Code. The resolution of this common claim will turn on similar determinations of fact and law, namely, whether AHM violated the TPCA by sending unsolicited fax advertisements without a compliant opt-out notice. This third factor is accordingly met.

Plaintiff's arguments to the contrary are unavailing. *First*, plaintiff argues that if the *ARcare* action is certified only with respect to the faxes received by the plaintiff in that case, then *ARcare* would not resolve issues solely involving the April 2017 fax received by plaintiff here. To be sure, although both cases involve the same August 2016 fax, each case also involves a second fax not at issue in the other. Nevertheless, the key issue of whether or not AHM sent non-compliant faxes under the TCPA remains the same.

*Second*, plaintiff argues that AHM may try to defeat class certification in the *ARcare* action by relying on the Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), which held that a California state court lacked specific jurisdiction over a non-resident defendant where the plaintiffs were not residents of California and did not claim any contact with the defendant in

3

California. Although *Bristol-Myers* did not address class actions, plaintiff argues that the district court in *ARcare* may require the plaintiff there to demonstrate specific personal jurisdiction with respect to each class member's claim before certifying a class. Because AHM is subject to general jurisdiction in California, plaintiff argues, the same concern is lacking in this case.

Even if AHM does raise this defense in *ARcare* (which it has yet to do), this order concludes that the issues at play in both cases remains substantially similar. Core overlapping questions include: (1) whether AHM's faxes advertised the commercial availability or quality of property, goods, or services; (2) the manner and method AHM used to compile or obtain the list of fax numbers to which they sent the August 2016 fax and other faxed advertisements; (3) whether or not AHM faxed advertisements without first obtaining the recipient's prior express invitation or permission; (4) whether AHM sent the faxed advertisements knowingly; (5) whether AHM's faxes contained compliant opt-out notices; (6) whether the plaintiffs and putative class members are entitled to statutory damages; and (7) whether the district court should award treble damages (Dkt. Nos. 1, 32-1).

*Third*, because AHM allegedly sent plaintiff the April 2017 fax months after AHM was sued for violating the TCPA in *ARcare*, plaintiff argues that this case uniquely involves the issue of whether or not AHM's conduct amounts to a "willful or knowing" violation of the TCPA. Not so. As mentioned above, the plaintiff in *ARcare* similarly seeks treble damages for allegedly "willful or knowing" TCPA violations. There remains a substantial overlap between the two lawsuits and application of the "first-to-file" rule is appropriate.

### 3. DISMISS OR STAY?

Having concluded that "first-to-file" rule applies, this order now addresses whether a dismissal or stay is most appropriate. While it would be inefficient to allow the present case to go forward knowing that many of the putative class members may have their claims extinguished by the resolution or settlement of the *ARcare* case, plaintiff has raised at least some possibility that the class ultimately certified by the Arkansas district court in the *ARcare* action will not include all of the proposed class members here. Issuing a stay of the current proceedings is thus more appropriate than dismissal. This order accordingly **STAYS** the present action pending

resolution of the class claim in the *ARcare* case. Within **SEVEN CALENDAR DAYS** of the resolution of the class claim (or an order denying class certification) in that action, AHM and plaintiff shall submit a joint status report explaining the impact on the claim asserted in the instant case.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss or transfer this action under the first-to-file rule is **DENIED**. This action is hereby **STAYED**. A status conference is hereby **SET** for **APRIL 4, 2019 AT 11:00 A.M.**

**IT IS SO ORDERED.**

Dated: December 14, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE